THE GEORGIA RAILROAD & BANKING CO. *v.* DANIEL.

1. When a railroad train is run against a man upon the track, whilst the engineer is engaged in a criminal violation of a public law by not checking the speed of the train in approaching a public crossing, it is not true as matter of law that the engineer has a right to assume, on first seeing the man on the track, that he would get off in time to save himself, and act on that assumption until he discovered, too late to check the train effectually, that the man was not attentive to the danger which threatened him.

2. As failure to check and keep checking the train in approaching a public crossing is evidence of negligence for the consideration of the jury, although the person injured was not upon the crossing but a few yards from it in the direction of the approaching train and using the track as a footway, it would not be appropriate in such a case to instruct the jury without proper explanation and qualification, that "the requirements of blowing the whistle, ringing the bell and checking the speed are not for the protection of persons using the track as a thoroughfare in its length and not in crossing it." Instructions on the subject should conform to what was ruled in *Central R. R.* v. *Raiford,* 82 *Ga.* 400.

3. The plaintiff below was bound to use that degree of diligence for his own protection which every prudent person uses who puts himself unnecessarily in a perilous situation. The evidence in the record strongly indicates that had the injured party come up to this measure of diligence, he could and would have avoided the consequences to himself of the negligence of the company ; and a new trial is ordered on this question alone, with direction to render judgment for the amount already assessed, or dismiss the action, according as the finding of another jury may be in the affirmative or the negative touching this one question.

June 20, 1892.                    *Judgment reversed, with direction.*

Railroads. Negligence. Before Judge JENKINS. Morgan superior court. March term, 1891.

The plaintiff sued the railroad company for damages, and recovered a verdict. The defendant's motion for a new trial was overruled. The plaintiff was knocked from the railroad track by the defendant's passenger engine and train, about ten o'clock in the morning, at a point seventy-five or one hundred yards before reaching the depot at Buckhead station, and about thirty or forty yards before reaching a public crossing near the depot.

The track at this point was commonly walked on by the public. The speed of the train was estimated at from twenty-five to thirty miles an hour by the plaintiff's witnesses, and at about fifteen to sixteen miles an hour by the engineer, fireman and conductor. These three testified that the whistle was blown at the blow-post for the crossing above referred to, but that the speed was not continuously checked from the blow-post to the crossing. Three eye witnesses introduced by the plaintiff, testified that the only blowing they heard was the sharp quick blows just before the plaintiff was struck. He testified that he did not hear the roll of the train, the blowing of the whistle or ringing of the bell; and that when he got on the track, two hundred or more yards from Buckhead, he looked up and down the track for a train and saw none; he knew it was about time for the train to pass. Before this he had had a roaring in his head, but did not know whether or not he had it at this time. The engineer testified that he rang the bell until he got pretty close to the plaintiff; kept thinking he would get off the track, but he did not look back, and when the engine was within fifty or sixty yards of him the whistle was blown; this did not attract his attention, and steam was shut off, brakes applied, and the whistle continued to blow; and when the plaintiff was scooped up by the pilot he still had not looked back. The engineer could have stopped the train at the crossing if, after leaving the blow-post, he had seen a man or anything on the crossing; could have stopped for plaintiff if he had not thought he was going to get off. The train was on schedule time, may have been a minute late. It ran, according to some testimony, two hundred and fifty or three hundred yards after striking the plaintiff before stopping; according to the testimony of the engineer, conductor and fireman, it stopped when the engine was just past the depot and

the last car was only a few feet past where the plaintiff was lying. There was conflicting testimony as to whether the plaintiff afterwards said that the reason he did not get off the track was because he thought he was on the side track.

Two grounds for new trial are, that the verdict is contrary to the following instructions contained in the charge of the court: "If you believe from the evidence that the defendant was negligent, but believe further that plaintiff by ordinary care could have avoided the consequences to himself caused by defendant's negligence, he is not entitled to recover, unless the injury was inflicted by defendant wilfully and wantonly, or unless defendant's negligence was so gross as to amount to or be equivalent to wantonness or recklessness. If the use of the track by pedestrians with the knowledge of the company amounts to a license at all, it must be on condition that persons so using the same shall exercise ordinary diligence themselves so as to avoid being injured by the company's trains."

The other grounds are, that the court erred in refusing to give the following instructions: "The engineer of a railroad train, seeing a grown man ahead of him on the track, and not knowing that he labored under any infirmity, has a right to assume that he will get off in time to save himself. The requirements of blowing the whistle, ringing the bell and checking the speed are not for the protection of persons using the track as a thoroughfare in its length and not in crossing it."

J. B. CUMMING, J. A. BILLUPS and BRYAN CUMMING, for plaintiff in error.

CALVIN GEORGE, *contra*.